IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

STATESBORO DIVISION

LEE ALLEN MAYHEW,                          )
                                           )
              Plaintiff,                   )
                                           )
       v.                                  )          CV 621-077
                                           )
SHERIFF NOEL BROWN;                        )
CAPTAIN KENNETH THOMPSON;                  )
HEAD NURSE LYNN;                           )
LT. PRINCE-WHITE; and                      )
LT. D. MARSH,                              )
                                           )
              Defendants.                  )

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff, detained at Bulloch County Jail ("BCJ") in Statesboro, Georgia, was one of three detainees who attempted to join in bringing one lawsuit against Defendants. See Scott et al. v. Brown, CV 621-071 (S.D. Ga. Oct. 14, 2021). Chief United States District Judge J. Randal Hall dismissed that improperly filed lawsuit without prejudice and directed the Clerk of Court to file three separate lawsuits and directed each Plaintiff must submit his own new complaint and motion to proceed *in forma pauperis* ("IFP") or pay the filing fee within twenty-one days of the Clerk opening a new lawsuit in each plaintiff's name. Id., doc. no. 7. The Clerk of Court opened the above-captioned case on October 14, 2021, and sent Plaintiff the requisite complaint and IFP form, as well as Judge Hall's Order informing Plaintiff of the twenty-one-day deadline for returning the forms or paying the filing fee. (Doc. no. 1.) The

time to respond has passed, and Plaintiff has not submitted a complaint, an IFP motion, or paid the filing fee.  Nor has he provided the Court with any explanation why he has not complied.

## I.      DISCUSSION

A district court has authority to manage its docket to expeditiously resolve cases, and this authority includes the power to dismiss a case for failure to prosecute or failure to comply with a court order.  Equity Lifestyle Props., Inc. v. Fla. Mowing & Landscape Serv., Inc., 556 F.3d 1232, 1240 (11th Cir. 2009) (citing Fed. R. Civ. P. 41(b)); see also Eades v. Ala. Dep't of Human Res., 298 F. App'x 862, 863 (11th Cir. 2008) (*per curiam*) ("District courts possess the ability to dismiss a case . . . for want of prosecution based on two possible sources of authority:  Fed. R. Civ. P. 41(b) or their inherent authority to manage their dockets."). Moreover, the Local Rules of the Southern District of Georgia dictate that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court; or [a]ny other failure to prosecute a civil action with reasonable promptness." Loc. R. 41.1 (b) & (c).  Finally, dismissal without prejudice is generally appropriate pursuant to Rule 41(b) where a plaintiff has failed to comply with a court order, "especially where the litigant has been forewarned."  Owens v. Pinellas Cnty. Sheriff's Dep't, 331 F. App'x 654, 655 (11th Cir. 2009) (*per curiam*) (citing Moon v. Newsome, 863 F.2d 835, 837 (11th Cir. 1989)).

Here, Plaintiff's failure to file the appropriate forms, pay the filing fee, or even to provide the Court with an explanation for his failure to comply with Judge Hall's Order amounts not only to a failure to prosecute, but also an abandonment of this case.  This is precisely the type of neglect contemplated by the Local Rules.  Plaintiff has been warned that failing to return

the necessary IFP papers and submit a new complaint would be an election to have his case voluntarily dismissed.  (See doc. no. 1, p. 2.)  As Plaintiff has neither fulfilled the requirements for proceeding IFP, nor paid the full filing fee, and because the imposition of monetary sanctions is not feasible in light of the initial request to proceed IFP, Scott v. Brown, CV 621-071, doc. no. 2, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and this civil action be **CLOSED**.

## II.      CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** this case be **DISMISSED** without prejudice and that this civil action be **CLOSED**.

SO REPORTED and RECOMMENDED this 18th day of November, 2021, at Augusta, Georgia.

_____
BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA